**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOMINGO COLON-MONTANEZ, | |
| Petitioner, | CIVIL ACTION NO. 3:15-CV-02460 |
| v. | (JUDGE CAPUTO) |
| THERESA A. DELBALSO, et al., | (MAGISTRATE JUDGE MEHALCHICK) |
| Respondents. | |

**MEMORANDUM**

Presently before me is the Report and Recommendation of Magistrate Judge Mehalchick (Doc. 7) to Petitioner Domingo Colon-Montanez's ("Petitioner") Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Also before me is Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 8). For the reasons that follow, the Report and Recommendation will be adopted in its entirety and Petitioner's Motion for Leave to Proceed *in forma pauperis* will be denied as moot.

**I. Background**

On December 18, 2015, and December 21, 2015, the Court received and docketed two (2) identical petitions for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2441, signed and dated by Petitioner on August 16, 2015, under Civil Action Numbers 3:15-cv-2442 and 3:15-cv-2460, respectively. (Doc. 1.) On January 6, 2016, Petitioner filed a letter with the Court in Civil Action Number 3:14-cv-2422, clarifying that he had sent two (2) copies of the same petition, one of which was to be docketed, and the other of which was to be served on Respondent. (Doc. 6.) Because Petitioner sought to have this Court close Civil Action Number 3:15-cv-2460, as he did not intend to initiate a new civil action by filing a duplicate copy of his habeas petition, Magistrate Judge Mehalchick issued the instant Report and Recommendation on January 21, 2016, recommending that in light of Petitioner's motion to consolidate (Doc. 6), the above-captioned case be closed.

On January 27, 2016, Petitioner filed a Motion for Leave to Proceed *in forma*

*pauperis* (Doc. 8) and on February 11, 2016, he filed a motion for an extension of time to file his objections to the instant Report and Recommendation (Doc. 9).  On February 12, 2016, I granted his motion for an extension of time, and extended the deadline for filing his objections to March 14, 2016.  (Doc. 10.)  On March 14, 2016, he timely filed his Objections.  (Doc. 11.)  The Report and Recommendation and Petitioner's Objections thereto are now ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report.  *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific.  *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

## III. Discussion

First, Petitioner objects that he did not consent for Magistrate Judge Mehalchick to conduct any proceedings in his actions and that she therefore does not have jurisdiction to issue the instant Report and Recommendation.  (Doc. 11, at 1-2.)  However, contrary to Petitioner's argument, Magistrate Judge Mehalchick's authority to make a recommendation in this matter does not depend on his consent.  *See* 28 U.S.C.

§ 636(b)(1)(B) (providing that a magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of applications for post-trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement); *see also Lusick v. City of Phila.*, 549 F. App'x 56, 57-58 (3d Cir. 2013) ("Contrary to Lusick's argument, a magistrate judge's authority under [28 U.S.C. § 636(b)] does not depend on the 'consent of the parties.'"); *Lusick*, 549 F. App'x at 57-58 (comparing Section 636(b), which does not expressly require consent of the parties, to Section 636(c)(1), which does expressly require consent of the parties).  Magistrate Judge Mehalchick acted properly within her statutory authority here.  Accordingly, Petitioner's objection will be overruled.

Second, Petitioner objects to the docketing of his petition as being submitted pursuant to 28 U.S.C. § 2254 ("Section 2254"), as opposed to 28 U.S.C. § 2241 ("Section 2241").  Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(a) and (c)(3).  Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Here, Petitioner submitted his petition pursuant to Section 2241.  (Doc. 1.) Because he is in custody pursuant to the judgment of a state court, Magistrate Judge Mehalchick entered an Order in Civil Action Number 3:15-cv-2442 on January 29, 2016, granting Petitioner an opportunity to decide whether to have the Court construe his petition as one filed under Section 2254 or alternatively to withdraw the petition.  (M.D. Pa. Civil Action No. 3:15-cv-2442, Doc. 8.)  Petitioner was instructed that if he failed to complete and file the appropriate election form within thirty (30) days of the January 29, 2016 Order, then the petition would be ruled upon under Section 2254.  Because Petitioner did not file a response to the Order within this time-frame, the Court may

properly construe the petition as one filed under Section 2254.

Third, Petitioner argues that the Clerk of Court failed to file his six (6) month account statement submitted with his Petition under Civil Action Number 3:15-cv-2460. However, because this account statement was filed under Civil Action Number 3:15-cv-2442 (Doc. 7), which is the action that his matter will pursue under after the two (2) actions are consolidated, this objection is moot.  There is no need to file his six (6) month account statement under Civil Action Number 3:15-cv-2460 because it will be closed.  Accordingly, this objection will be overruled.

Fourth, Petitioner objects that the Clerk of Court filed his Berks County Mandamus Complaint in Civil Action Number 3:15-cv-2460, but not in Civil Action Number 3:15-cv-2442.  However, Petitioner is incorrect.  Upon a review of the dockets, his Mandamus Complaint was filed in both actions.  (*See* No. 3:15-cv-2460 (Doc. 1-1); No. 3:15-cv-2442 (Doc. 1, at 5-7).)

Finally, on January 27, 2016, Petitioner filed a Motion for Leave to Proceed *in forma pauperis* in this action.  (Doc. 8.)  However, because the Clerk of Court will be directed to mark this case as closed so that Petitioner may proceed with his matter under Docket Number 3:15-cv-2442, where Magistrate Judge Mehalchick has already granted his Motion for Leave to Proceed *in pauperis* (No. 3:15-cv-2442, Doc. 14), Petitioner's motion will be denied as moot.

### IV. Conclusion

For the above stated reasons, I will adopt the Report and Recommendation (Doc. 7) in its entirety.  The Clerk of Court is directed to mark this case as closed and Petitioner may proceed with his matter under Docket Number 3:15-cv-2442.  Petitioner's Motion for Leave to Proceed *in pauperis* will be denied as moot.

An appropriate order follows.


May 23, 2016                                                   /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                               United States District Judge